## PAASCHE v. ATLAS POWDER CO. et al.
### No. 142.

District Court, N. D. Illinois, E. D.
March 2, 1939.

William Hettleman, of Chicago, Ill., for plaintiff.

Williams, Bradbury, McCaleb & Hinkle, and Brown, Jackson, Boettcher & Diener, all of Chicago, Ill., for defendants.

WOODWARD, District Judge.

This matter comes up on a motion to dismiss plaintiff's bill of complaint for want of jurisdiction.

Plaintiff, Jens A. Paasche, filed his bill for a declaratory judgment against the Atlas Powder Company and the DeVilbiss Company. Both defendants filed motions for bills of particulars and to dismiss the bill. On the oral argument on these motions, it became apparent that plaintiff could not maintain his suit without the presence of the Paasche Air Brush Company. Thereupon counsel who represented the plaintiff, acting on behalf of the Paasche Air Brush Company, filed a motion praying that the Paasche Air Brush Company be permitted to intervene as a party plaintiff. The docket shows that the motion was allowed and that intervenor was aligned as party plaintiff. However, neither at the time that the motion was presented, nor up to this time, has the attorney for the intervenor, Paasche Air Brush Company, filed any pleading "setting forth the claim or defense for which intervention is sought", as required by Rule 24(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The Court is left in the dark as to what claim the Paasche Air Brush Company proposes to assert. The Court is also left in the dark as to any jurisdictional averment as to the residence of the Paasche Air Brush Company. An examination of the files discloses numerous motions, pleadings and memoranda filed on behalf of the plaintiff, the pertinency of which to any matter pending for decision or disposition, does not appear. . To adopt the language of counsel in his brief filed with the Court in a companion case "the procedure has been unusual, disorderly and chaotic." In his memorandum filed with the Court the plaintiff suggests that the intervention of the Paasche Air Brush Company was probably a mistake. The discovery of this mistake probably accounts for the fact that no pleading in intervention has ever been filed. Attorneys for defendant, however, have assumed that the Paasche Air Brush Company, has properly intervened and is a resident of the State of Delaware and have filed their respective motions to dismiss for want of jurisdiction. As the record stands, the Court cannot act on the motion to dismiss for want of jurisdiction. There being nothing on the record to which the motion is applicable the motion to dismiss for want of jurisdiction will be stricken.

Prior to the attempted intervention of the Paasche Air Brush Company, each of the two defendants made a motion to dismiss the complaint. As indicated on the argument it was apparent that this cause could not proceed without the presence of the Paasche Air Brush Company, it being an indispensable party.

The Court will, therefore, grant the respective motions to dismiss the complaint.